UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TIA N. )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 1:20-CV-303-JVB |

## OPINION AND ORDER

Plaintiff Tia N. seeks judicial review of the Social Security Commissioner's decision denying her applications for child disability benefits and supplemental security income and asks this Court to reverse that decision and remand this matter to the agency. For the reasons below, this Court denies Plaintiff's request and affirms the final decision of the Commissioner of Social Security.

## PROCEDURAL BACKGROUND

In Plaintiff's August 23, 2018, and October 22, 2018 applications for benefits, she alleged that she became disabled on April 28, 1998. An Administrative Law Judge (ALJ) held a hearing on April 16, 2020.[1] Plaintiff was not represented at the hearing, though she was informed of her right to representation. (AR 11). The ALJ issued his decision on April 29, 2020, in which he denied Plaintiff's applications.

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a

---

[1] Due to the extraordinary circumstances presented by the COVID-19 pandemic, the hearing was held telephonically. (AR 11).

> conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). Further, to be eligible for child's benefits, a claimant who is 18 years or older must have a disability that began before reaching age 22. 20 C.F.R. § 404.350(a)(5). Here, the ALJ found that Plaintiff had attained age 18 but not attained age 22 as of the alleged onset date of March 31, 2004. (AR 14). For supplemental security income, benefits begin, at the earliest, the month after the month in which the application is filed. 20 C.F.R. §§ 416.200, 416.202(g).

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity in 2018 and 2019 and found Plaintiff not disabled form January 1, 2018, through December 31, 2019. (AR 14).

At step two, the ALJ found that, since reaching age 18, Plaintiff had the severe impairments of history of scoliosis and Harrington rods, history of right wrist ganglion cyst and tenosynovitis as well as bilateral bunionettes, hammertoes and calluses, and polyarthritis. (AR 15). The ALJ also found that, since the application date, Plaintiff had the severe impairments of cocaine use disorder/dependency, opioid use disorder/dependency, thoracic dextroscoliosis and mild spondylosis, mild facet hypertrophy, slight disc space narrowing at L5-S1, mild scoliosis of the lumbar spine, patellofemoral syndrome, a history of right wrist ganglion cyst, tenosynovitis, bilateral bunionettes, hammer toes, and calluses. (AR 15).

At step three, the ALJ found that Plaintiff did not have an impairment of combination of impairments that met or medically equaled the severity of a listed impairment. (AR 20).

Before progressing to step four, ALJs must determine the individual's residual functional capacity (RFC), which is a determination, based on all of the relevant evidence and considering all of the impairments, of the most that the individual is capable of doing. 20 C.F.R. §§ 404.1545(a), 416.945(a). Regarding the child disability benefits claim, the ALJ found that

> [S]ince attaining age 18 and prior to attainment of age 22 years, the claimant has the residual functional capacity to perform light work . . . except the claimant is limited to lifting, carrying, pushing and pulling ten pounds frequently and twenty pounds occasionally. The claimant can sit at least six hours in an eight-hour workday and stand and/or walk 75% of an eight hour work day. The claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can occasionally use ramps and stairs. Aside from use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid working upon wet and slippery surfaces. The claimant can perform the balance required of such activities. The claimant required opportunity to alternate postural positions from sitting and standing, as needed, while remaining on task. The claimant is limited to frequent, not constant, right hand dominant fingering, feeling, gripping, fine manipulation, picking, turning, twisting and grasping of small objects such as a pen, computer mouse, or paper clip. The claimant is limited to frequent, not constant, right hand dominant gross manipulation and handling, grasping, turning, gripping, pushing and pulling of larger objects. Because of physical issues such as pain or other symptoms, the claimant can meet production requirements in an environment that allows her to sustain a flexible and goal oriented pace. The claimant is limited from fast-paced work such as assembly line production work with rigid or strict productivity requirements or requiring constant activity with work tasks performed sequentially in rapid succession. It is best that work not involve close scrutiny/frequent critical supervision regarding details and production rates.

(AR 20-21). For the supplemental security income claim, the ALJ found that Plaintiff had the RFC to perform the full range of medium work. (AR 25).

At step four, the ALJ found that Plaintiff had no past relevant work with regard to her child's disability benefits claim and found that, regarding her supplemental security benefits claim, she was capable of performing her past relevant work as an automotive detailer. (AR 29).

At step five, the ALJ found that, given Plaintiff's age, education, work experience, and residual functional capacity, that Plaintiff could perform work that exists in significant numbers in

the national economy, such as the representative occupations of router, general office helper, and bench assembler. (AR 30-31). The ALJ noted that even if Plaintiff could not perform her past relevant work as found at step four regarding the supplemental security claim, this step five finding also applies to Plaintiff's supplemental security claim. (AR 30).

Based on these findings, the ALJ found that Plaintiff had not been disabled from March 31, 2004, the alleged onset date, through April 29, 2020, the date of the ALJ's decision. (AR 31). Therefore, neither of Plaintiff's claims for benefits was approved. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a mere scintilla of evidence. *Biestek v. Berryhill*, 138 S.Ct. 1148, 1154 (2019).

## ANALYSIS

Plaintiff bases her request for reversal of the ALJ's decision on one argument: in light of Plaintiff's unrepresented status, the ALJ failed to develop a full and fair record regarding the testimony of the vocational expert (VE). Plaintiff does not argue that she was not properly advised of her right to representation.

"The ALJ in a social security hearing has a basic obligation to develop a full and fair record." *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) (citing *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991). When a social security claimant is unrepresented, the ALJ has the duty to "ask questions that will elicit a full picture of the applicant's capacity for full-time gainful employment." *Johnson v. Barnhart*, 449 F.3d 804, 807 (7th Cir. 2012); *see also Nelson*, 131 F.3d at 1235 ("Moreover, when the claimant is unrepresented by counsel, the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" (quoting *Thompson*, 933 F.2d at 585)). However, the absence of evidence must be prejudicial for the Court to find that the ALJ failed to develop the record. *Nelson*, 131 F.3d at 1235. The Seventh Circuit "generally upholds the reasoned judgment of the Commissioner on how much evidence to gather, even when the claimant lacks representation." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citations omitted).

> Plaintiff asserts that the ALJ was required to
>
> inquire of the vocational expert whether surveys were conducted of a range of representative employers; whether such surveys amassed specific information about such employers' labor needs and the employment of people with disabilities; and, whether the findings from such surveys were extrapolated to the national economy by means of a well-accepted methodology.

(Pl.'s Br. 15, ECF No. 26). Plaintiff relies on *Biestek v. Berryhill*, but the Supreme Court in *Biestek* decided against creating a categorical rule regarding VE testimony (specifically, regarding whether VEs must turn over data underlying their testimony on request) and instead held that the "more-than-a-mere-scintilla threshold" for substantial evidence is a case-by-case inquiry. 138 S.Ct. at 1157; *accord Krell v. Saul*, 931 F.3d 582, 587 (7th Cir. 2019). Simply put (and contrary to Plaintiff's counsel's assertion), *Biestek* does not mandate that certain questions be posed to VEs.

Since the inquiry is case-by-case, an in-depth look at the VE's testimony in this case is useful. The VE began by confirming that her resume in the record was accurate. (AR 93). The

5

resume indicates that the VE was an associate member of the American Board of Vocational Experts, was employed for ten years by Easter Seals Arc Disability Services, and had been a vocational expert/consultant with National Vocational Expert Inc. since 2011. (AR 370-71). Part of the Easter Seals work involved assisting unemployed individuals to secure gainful employment. (AR 371). As part of her work with National Vocational Expert Inc., she reviews and researches medical information to identify various limitations and restrictions that would affect individuals' abilities to perform work related activities. (AR 370).

The ALJ asked the VE to notify the ALJ if any part of her testimony conflicted with the Dictionary of Occupational Titles (DOT), and the VE agreed to do so. (AR 93). Then, the VE described Plaintiff's previous work in 2018 and 2019 as that of an automotive detailer (DOT code 915.687-034) and explained some of the postural requirements of the job. (AR 94). The ALJ then asked the VE about what jobs a person with Plaintiff's reduced-range-of-light-work RFC could perform, and the VE first explained that the DOT does not cover the sit/stand option in this RFC, so the VE was "eroding" the job number estimates to account for jobs that would not permit a sit/stand option. (AR 94-96). The VE opined that approximately 108,000 jobs in the national economy were available in the representative occupations of router, general office helper, and bench assembler to individuals with this RFC (AR 96). Plaintiff did not request to cross-examine the VE, and the ALJ did Plaintiff if she wanted to do so. (AR 99).

Plaintiff contends that the ALJ should have requested testimony regarding how the national numbers of jobs were derived. Plaintiff's argument is that there is no assurance that there is a rational basis to the methodology employed by the VE. Plaintiff also insinuates that the ALJ should have asked the VE about the total number of jobs in the national economy so that the ALJ could consider the 108,000 jobs as a proportion of the total jobs.

Taken to one extreme extension, Plaintiff's argument could be viewed as one that an ALJ, when presiding over an administrative hearing with an unrepresented claimant, must pursue every line of questioning that any representative might possibly pursue in any case. This is far beyond the requirements of developing a full and fair record. *See Johnson*, 449 F.3d at 808 ("Even a pro se litigant bears some responsibility for making a record."); *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994) ("Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand."); *Oyen v. Shalala*, 865 F.Supp. 497, 508 (N.D. Ill. 1994) (rejecting the possibility that a finding of a fully and fairly developed record means "showing that there are no other potentially relevant items of evidence or lines of inquiry"). Instead, as explained above, the evidence that the ALJ did not obtain must be prejudicial. *Nelson*, 131 F.3d at 1235.

The first specific deficiency Plaintiff alleges is that the ALJ did not obtain testimony regarding the VE's sources and methods. Plaintiff correctly identifies that the sources and methods of a VE's testimony may be inquired into. *See Chavez v. Berryhill*, 895 F.3d 962, 969-70 (7th Cir. 2018). However, this does not establish that sources and methods must be examined in order for a decision to rest on substantial evidence. Indeed, "[w]hen no one questions the vocational expert's foundation or reasoning, an ALJ is entitled to accept the vocational expert's conclusion." *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002). Inquiry into the bases for the VE's conclusions is only necessary if the bases are questioned at the hearing. *Id.*

The evidence here is that an expert gave testimony of her opinion of three representative jobs that a person with Plaintiff's capabilities could perform. She indicated that her opinion was based on the DOT except that she eroded the numbers to account for a limitation (needing a sit/stand option) that the DOT did not contemplate. The VE's resume indicates that she had been

7

an expert for over eight years at the time of her testimony and was a member of a professional organization in the field. These are some "markers of reliability" of the VE's opinion. *See Biestek*, 139 S.Ct. at 1157. An ALJ may rely on a VE's testimony regarding the number of jobs compatible with a claimant's functional limitations. *See Krell*, 931 F.3d at 584. Contrary to Plaintiff's assertion, the substantial evidence standard is met.

The Court is mindful that the ALJ did not explicitly offer Plaintiff an opportunity to cross-examine the VE.[2] Though it perhaps would have been a better course of action to make such an offer, the Court is still unable to find that the lack of inquiry into the VE's methods and sources was prejudicial. Plaintiff has not submitted any evidence suggesting that if the ALJ had made the inquiries that the VE's answers would have shown a lack of rational basis. *See Nelms*, 553 F.3d at 1098 (noting that the plaintiff submitted medical records not part of the administrative record for the limited purpose of demonstrating prejudice).[3] The fact that the ALJ did not ask the VE about her methods and sources is not a prejudicial omission.

The second specific deficiency Plaintiff alleges is that the ALJ did not request an estimate of total jobs in the national economy. It is unclear how knowledge of the VE's testimony on this matter would have enhanced the record. In the undersigned's experience, this is not a matter frequently cited in ALJ decisions or court opinions. Notably, Plaintiff does not argue that 108,000 jobs is not a substantial number of jobs, so the Court is unable to see any prejudice by the lack of this information in the record.

---

[2] The Plaintiff only mentions the lack of cross-examination as a reason for finding that the ALJ did not sufficiently probe the VE's methodology behind her opinion; Plaintiff does not argue that the failure to ask Plaintiff if she would like to cross-examine the VE is itself an error requiring remand. *See* (Pl.'s Br. 16, ECF No 26). Therefore, such an argument is waived, and the Court considers it no further.

[3] Further, even if the ALJ had requested the data underpinning the VE's testimony, the VE may have refused to do so, which would go toward the weight of the testimony but not necessarily deem the testimony incredible. *Krell*, 931 F.3d at 587.

To be fair, Plaintiff comes close to making such an argument in a footnote, but important arguments should not be raised only in footnotes. *See Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("We have often said that a party can waive an argument by presenting it only in an undeveloped footnote"); *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012) (finding waiver when argument was in footnote, consisted of four sentences, and did not contain any citation to authority); *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989) (argument raised in passing in a footnote deemed waived). Though Plaintiff has cited authority in her footnote, she falls short of actually arguing that 108,000 is not a substantial number of jobs, and the unreported case Plaintiff cites in the body of her brief, *Sally S. v. Berryhill*, No. 2:18-cv-460, 2019 WL 3335033, at *11 (N.D. Ind. July 23, 2019), may well be an outlier. *See James A. v. Saul*, 471 F.Supp. 3d 856, 859-60 (N.D. Ind. 2020). Thus, the failure to inquire as to this matter is not a prejudicial omission that would require remand.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the relief requested in Plaintiff's Opening Brief [DE 26] and **AFFIRMS** the final decision of the Commissioner of Social Security.

SO ORDERED on January 28, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

9